VEGA, PLAINTIFF AND APPELLANT, v. HERNÁNDEZ, MUNICIPAL JUDGE, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of Guayama in an Application for a Writ of *Certiorari* to the Judge of the Municipal Court of Salinas.

MOTION by Respondent for Dismissal of the Appeal for Failure to File a Transcript of the Record and Because the Appeal would Serve no Practical Purpose.

No. 1209.—Decided December 21, 1914.

CERTIORARI—APPEAL—PROCEDURE.—As the Act authorizing writs of *certiorari*, approved March 10, 1904, contains no provision governing the prosecution of appeals in *certiorari* proceedings, they must be governed by the rules applicable to ordinary appeals in civil actions.

ID.—APPEAL—ORIGINAL OF RECORD—TRANSCRIPT OF RECORD.—In accordance with section 299 of the Code of Civil Procedure as amended by Act No. 70 of March 9, 1911, considered in connection with rule 40 of this court, the record of an appeal shall consist of the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll and of the notification of the appeal; and there is no provision by which the original record of a *certiorari* proceeding may be sent up to this court in place of the said certificate, and when, as in the case at bar, the original record and not the said certificate is filed, the appeal should be dismissed.

APPEAL.—The general elections having been held on November 3, 1914, a decision of the present appeal would serve no practical purpose, for even supposing that it should be decided that the name of the plaintiff should be included in the list of voters of the municipality of Santa Isabel, he would be unable now to cast his vote.

The facts are stated in the decision.

Mr. *Salvador Mestre, fiscal*, for the respondent.

The appellant did not appear.

DECISION.

WHEREAS, The plaintiff applied to the District Court of Guayama for a writ of *certiorari* to the Judge of the Municipal Court of Salinas for the purpose of having his name registered in the list of voters of the municipality of Santa

Isabel, from which it was excluded by a judgment of the said municipal court on September 29, 1914, and his application for a writ of *certiorari* was denied by a judgment of October 8, 1914, from which he appealed, the original records both of the Municipal Court of Salinas and of the District Court of Guayama having been filed in the office of the secretary of this court;

WHEREAS, The *fiscal* of this court has moved for dismissal of the appeal because a transcript of the record was not filed instead of the original records and because a decision of the said appeal would serve no practical purpose inasmuch as the general elections at which the plaintiff desired to cast his vote were held on November 3 last;

WHEREAS, According to subdivision 1 of section 295 of the Code of Civil Procedure, as amended by the Act of March 11, 1908, appeals from final judgments of district courts in special proceedings may be taken to this court, and therefore the decisions of district courts in special proceedings, like that of *certiorari,* are appealable; and there being no provisions in the Act authorizing writs of *certiorari,* approved March 10, 1904, governing the prosecution of appeals in *certiorari* proceedings, they must be governed by the rules applicable to ordinary appeals in civil actions;

WHEREAS, Pursuant to section 299 of the Code of Civil Procedure, as amended by Act No. 70 of March 9, 1911, considered in connection with rule 40 of this court, the record of an appeal shall consist of the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll and of the notification of the appeal, and there is no provision by which the original record of a *certiorari* proceeding may be sent up to this court in the place of the said certificate;

WHEREAS, The general elections having been held on November 3 last, a decision of the present appeal would serve

no practical purpose, for even supposing that it should be decided that the name of the plaintiff should be included in the list of voters of the municipality of Santa Isabel, he would be unable now to cast his vote;

THEREFORE, In view of the legal provisions cited, section 303 of the Code of Civil Procedure, rules 58 and 60 of this court and the jurisprudence laid down in the cases of *Ex parte Sánchez et al.*, 20 P. R. R., 109; *San Juan Hippodrome Co.* v. *Insular Racing Commission*, 21 P. R. R., 1; *Post et al.* v. *Veve et al.*, 21 P. R. R., 30, and *The People* v. *Ramírez*, decided November 30, 1914, the appeal taken by the plaintiff from the decision of the District Court of Guayama of October 8, 1914, is dismissed, and it is ordered that the original record be returned to the lower court for such purposes as may follow.

*Appeal dismissed.*

Chief Justice Hernández and Justices Wolf, del Toro, Aldrey and Hutchison concurred.